**TOYOTA MOTOR SALES, U.S.A., INC.
and Toyota Motor Corporation
Plaintiffs**

v.

**Michael Derek FARR and Sharon
Farr Burt Defendants**

**No. CIV.A. 4:02CV312LN.**

United States District Court,
S.D. Mississippi,
Eastern Division.

Nov. 8, 2002.

Timothy W. Lindsay, William H. Leech, McGlinchey Stafford, Jackson, MS, for Plaintiffs.

Wayne E. Ferrell, Jr., Jackson, MS, Andre F. Ducote, Lundy & Davis, L.L.P., Jackson, MS, Hunter W. Lundy, Lundy & Davis, Lake Charles, LA, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendants Michael Farr and Sharon Farr Burt to dismiss the present action for declaratory relief. The Farrs request alternatively that the court transfer and/or consolidate the present action with a separate action currently pending before District Judge Henry T. Wingate. Plaintiffs have responded in opposition, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is not well taken and should be denied.

Plaintiffs Toyota Motor Sales, USA, Inc. (TMS) and Toyota Motor Corporation (TMC) filed the present declaratory judgment action, asking the court to interpret a settlement agreement which they previously reached with the Farrs in April 1999. In the agreement, the Farrs settled as to TMS and TMC a lawsuit which they had filed in Hinds County Circuit Court in 1996 against multiple defendants arising out of a 1994 vehicle accident which rendered Michael Farr a quadriplegic. Plaintiffs assert that under the terms of the agreement, the Farrs agreed to "indemnify and hold harmless" TMS and TMC against "any and all other claims that may be made or asserted because of any loss or expense as a result of the personal injury lawsuit, including claims made by way of indemnity" or "contribution." [1]

Controversy regarding the aforementioned clause arose when, in October 1999, the Farrs added as a defendant in their personal injury action Tokai Rika, a Japanese manufacturer of safety restraint systems which was a "component supplier for Toyota vehicles designed and manufac-

---

1. Citing the confidentiality provision in the settlement agreement, plaintiffs have "prof- fered the agreement to be reviewed by the court *in camera* at the appropriate time."

tured by TMC."[2] All parties agree that TMS and TMC are obligated to indemnify Toka Rika for its litigation costs and any judgment rendered against it in products liability lawsuits filed in the continental United States. Following the addition of Tokai Rika as a defendant, the lawsuit was removed to the Southern District of Mississippi, Jackson Division, where it is currently pending before Judge Wingate as *Farr v. Goodyear Tire and Rubber Company, et al.*, Civil Action No. 3:99CV891WS.

After providing for Tokai Rika's defense in the Farrs' suit against Tokai Rika for nearly three years, TMS and TMC filed the present action on August 7, 2002 in the Southern District of Mississippi, Eastern Division.

 The court first considers the Farr's Rule 12(b)(7) motion to dismiss for lack of an indispensable party. The Farrs maintain that Tokai Rika, as a party enjoying a right of indemnity, is an indispensable par-

ty under Rule 19 of the Federal Rules of Civil Procedure. The Farrs further maintain that, inasmuch as Tokai Rika and TMC are both foreign national corporations, no diversity jurisdiction would exist if Tokai Rika were joined as a defendant and that the present action must therefore be dismissed. *See Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148, 1152 (5th Cir.1985) (diversity jurisdiction does not exist in a suit between foreign nationals.) The court concludes otherwise.[3]

Rule 19(a) allows for joinder of necessary parties, so long as their joinder would not defeat diversity jurisdiction.[4] If the joinder of a necessary party would threaten jurisdiction, Rule 19(b) requires the court to determine whether the potentially joined party is indispensable. A party is considered an indispensable party if the court finds that, as a matter of equity and good conscience, the lawsuit cannot proceed without them. *Sandefer Oil & Gas, Inc. v. Duhon*, 871 F.2d 526, 529 (5th Cir.1989).[5]

2. The Farrs assert that they added Tokai Rika as a defendant based upon their expert's conclusion that the seatbelt Michael Farr had been wearing at the time of his accident, which was designed, manufactured and tested by Tokai Rika, had failed, resulting in his being ejected from the vehicle.

3. In the court's view, it is far from certain that the joinder of Tokai Rika in the present action would, in fact, destroy diversity jurisdiction. The Farrs' motion presupposes that if Tokai Rika were to be joined as a party to the present action, it would be joined as a diversity-destroying defendant, rather than as a plaintiff. This is a questionable assumption, considering that Tokai Rika is closely aligned contractually with TMC and considering that the Farrs are opposing parties in the personal injury action pending before Judge Wingate. Nevertheless, it is apparent that Tokai Rika is not an indispensable party under Federal Rule of Civil Procedure 19, and the court therefore need not consider whether it would be joined as a plaintiff or defendant.

4. Federal Rule of Civil Procedure 19(a) provides the factors for determining who is a necessary party:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations . . .

5. Federal Rule of Civil Procedure 19(b) lists four factors for courts to consider in deciding whether a party is indispensable: (1) prejudice to an absent party or others in the lawsuit from a judgment; (2) whether the shaping of relief can lessen prejudice to absent parties; (3) whether adequate relief can be given without participation of the party; and

In light of the foregoing authority, in order for the Farrs to prevail on their motion to dismiss, they must show that (1) Tokai Rika should be joined if feasible (i.e., that Tokai Rika is a "necessary" party), (2) Tokai Rika's joinder is not feasible and (3) in Tokai Rika's absence, the action cannot proceed in equity and good conscience (i.e., that Tokai Rika is an "indispensable" party). The Farrs are unable to make these showings, and the motion to dismiss will therefore be denied.

It is questionable whether Tokai Rika should even be considered a necessary party to the present action. TMC and TMS do not dispute that Tokai Rika is entitled to indemnity from them, and plaintiffs assert that they will continue to recognize Tokai Rika's right to indemnity, regardless of the outcome of the present action. As such, the Farrs' assertion that Tokai Rika's interests may be adversely affected in its absence loses much of its force. It further appears that, in Tokai Rika's absence, complete relief can be afforded to those already parties to the present action. Tokai Rika was not a party to the settlement agreement in the present case, and the Farrs have failed to establish that Tokai Rika's joinder is necessary for the court to interpret the terms of that agreement.

Even assuming, *arguendo,* that Tokai Rika is a necessary party, it is clearly not an indispensable party. While Tokai Rika arguably has some interest in the present declaratory judgment action, the court concludes that this interest is not a particularly compelling one and that the present action may, "as a matter of equity and good conscience," proceed without it. *See, e.g., Kelly v. Commercial Union Ins. Co.,* 709 F.2d 973, 977–78 (5th Cir.1983) (holding that the failure to join loss payees under an insurance policy was not an abuse of discretion).[6]

The court now turns to the Farrs' motion to dismiss based on considerations of comity. The court finds unpersuasive the Farrs' contention that, inasmuch as the personal injury action against Tokai Rika is presently pending before Judge Wingate, the present action should be dismissed in deference to that action. The Fifth Circuit has noted that

> [t]he federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs. "As between federal district courts, ... the general principle is to avoid duplicative litigation." The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result. To avoid these ills, a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court. In particular, "[a] court may ... in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere."

*West Gulf Maritime Assn. v. ILA Deep Sea Local 24,* 751 F.2d 721, 728–29 (5th Cir.1985) (citations omitted).[7]

---

(4) whether the plaintiff has another effective forum if the suit is dismissed.

**6.** While not directly on point, the interests of the loss payee in *Kelly* are analogous to those of Tokai Rika in the present case.

**7.** Although a district court may dismiss an action if duplicative litigation is pending in another jurisdiction, it is not required to do so; such dismissal is committed to the district court's discretion. *Abbott Laboratories v. Gardner,* 387 U.S. 136, 155, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). Neither complete identity of parties nor of the lawsuit itself is required for dismissal or transfer of a case filed subsequently to an action with substantial overlap of substantive issues. *See Save Power*

While the *Fifth Circuit* has thus noted a district court's discretion to dismiss a declaratory judgment action "if the same issue is pending in litigation elsewhere," *id.*, it is apparent that the issues currently pending before Judge Wingate are entirely different from those presently before this court. Judge Wingate has before him a personal injury action, while the issues in this case are purely contractual. Considerations of comity do not favor the dismissal requested by the Farrs, and the motion will therefore be denied.

Also without merit is the Farrs' request to transfer this action to Judge Wingate. While requesting transfer, the Farrs cite no applicable transfer statute, instead relying on Federal Rule of Civil Procedure 42, which provides for consolidation of lawsuits. Moreover, the Farrs make no additional arguments in the present context, merely re-asserting that "[a]s discussed above, both cases share common issues and allowing both to proceed individually will cause unnecessary costs and delay." The court concludes, for the reasons previously stated, that neither transfer nor Rule 42 consolidation is warranted in the present case, and these motions will therefore be denied.

In light of the foregoing, it is ordered that defendants' motion to dismiss and their alternative request to transfer and/or consolidate are denied.

*Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950–51 (5th Cir.1997).